UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARCUS HYMAN | : | |
| | : | PRISONER |
| v. | : | Case No. 3:05cv547 (CFD) |
| | : | |
| MAYOR EDDIE PEREZ, et al.[1] | : | |

RULING AND ORDER

Plaintiff, Marcus Hyman ("Hyman"), is confined at the Corrigan-Radgowski Correctional Institution in Uncasville, Connecticut. He brings this civil rights action pro se pursuant to 28 U.S.C. § 1915 challenging the actions of Hartford, Connecticut, police officers. For the reasons that follow, the complaint is dismissed without prejudice.

I.   Standard of Review

Hyman has met the requirements of 28 U.S.C. § 1915(a) and has been granted leave to proceed in forma pauperis in this action. Pursuant to 28 U.S.C. § 1915(e)(2)(B), "the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915 (e)(2)(B)(i) - (iii). Thus, the dismissal of a complaint by a district court under any of the three enumerated sections in 28 U.S.C. § 1915(e)(2)(B) is mandatory rather than discretionary. See Cruz v. Gomez, 202 F.3d 593, 596 (2d Cir. 2000).

In reviewing the complaint, the court "accept[s] as true all factual allegations in the complaint" and draws inferences from these allegations in the light most favorable to the

---

[1] The named defendants are Mayor Eddie Perez, "Chief Police", and two persons identified only as "Patrol Officer".

plaintiff.  Id. at 596 (citing King v. Simpson, 189 F.3d 284, 287 (2d Cir. 1999)).  Dismissal of the complaint under 28 U.S.C. 1915(e)(2)(B), is only appropriate if "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Id. at 597 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

In addition, "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim," the court should permit "a pro se plaintiff who is proceeding in forma pauperis" to file an amended complaint that states a claim upon which relief may be granted.  Gomez v. USAA Federal Savings Bank, 171 F.3d 794, 796 (2d Cir. 1999).

In order to state a claim for relief under section 1983 of the Civil Rights Act, Hyman must satisfy a two-part test.  First, he must allege facts demonstrating that defendant acted under color of state law.  Second, he must allege facts demonstrating that he has been deprived of a constitutionally or federally protected right.  See Lugar v. Edmondson Oil Co., 457 U.S. 922, 930 (1982); Washington v. James, 782 F.2d 1134, 1138 (2d Cir. 1986).

II.   Factual Allegations

The following facts are taken from the allegations of the complaint and must be viewed as truthful for the purposes of the initial review of this action by the Court.

On July 17, 2004, Hyman was shot on the corner of Enfield and Greenfield Streets in Hartford, Connecticut.  Witnesses to the shooting called the Hartford Police.  The responding officers used racially derogatory language when referring to Hyman and stated to the witnesses that there was "no rush" to summon assistance.  One officer also stated that the area should be bombed to stop the drug and gun activity and killings.  When emergency services arrived, the

officers told the technicians that there was no rush to transport Hyman to the hospital because he was not dying.

III.     Discussion

Hyman has not identified the two police officer defendants who responded to the scene of the shooting or the Chief of Police. The only defendant he has identified is Hartford Mayor Eddie Perez. Hyman also alleges that the Hartford Police Department has a reputation for displaying racist attitudes toward African-Americans. The court assumes that Hyman is attempting to assert a claim of supervisory liability against defendant Perez and the unidentified Chief of Police.

It is settled law in this circuit that in a civil rights action for monetary damages against a defendant in his individual capacity, a plaintiff must demonstrate the defendant's direct or personal involvement in the actions which are alleged to have caused the constitutional deprivation. See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994). "A supervisor may not be held liable under section 1983 merely because his subordinate committed a constitutional tort." Leonard v. Poe, 282 F.3d 123, 140 (2d Cir. 2002). Section 1983 imposes liability only on the official causing the violation. Thus, the doctrine of *respondeat superior* is inapplicable in section 1983 cases. See Blyden v. Mancusi, 186 F.3d 252, 264 (2d Cir. 1999); see also Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 692-95 (1978).

> [A] supervisor may be found liable for his deliberate indifference
> to the rights of others by his failure to act on information indicating
> unconstitutional acts were occurring or for his gross negligence in
> failing to supervise his subordinates who commit such wrongful
> acts, provided that the plaintiff can show an affirmative causal link
> between the supervisor's inaction and [his] injury.

Leonard, 282 F.3d at 140.

Hyman includes no claims regarding the personal involvement of defendants Perez and the Chief of Police and alleges no facts suggesting that these defendants were even aware of the incident at the time.  He also alleges no facts suggesting that defendant Perez failed to provide proper supervision of his subordinates who would have directly supervised the responding police officers.  Hyman's general statement that Hartford police officers have racist attitudes is also insufficient to show that defendant Chief of Police improperly supervised the officers.  The complaint is also devoid of facts to show an affirmative causal link between Hyman's injury and any inaction by defendants Perez and Chief Police.  Accordingly, all claims against defendants Perez and "Chief Police" in their individual capacities are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim upon which relief may be granted.

Hyman does not indicate in which capacities he names the defendants.  To the extent that he names any defendant in his official capacity, the suit, in essence, is a suit against the City of Hartford.  See Brandon v. Holt, 469 U.S. 464, (1985) (noting that suit against municipal official in his official capacity was a suit against the municipality because liability for any judgment would rest with the municipality).  To establish liability of defendants in their official capacities, Hyman must show that "'the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers' or is conducted 'pursuant to governmental "custom" even though such a custom has not received formal approval through the body's official decisionmaking channels.'" Anthony v. City of New York, 339 F.3d 129, 139 (2d Cir. 2003) (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91(1978)).  Hyman alleges no facts suggesting an official policy

statement, regulation or decision of the Hartford Police Department.  Thus, all claims against defendants in their official capacities are dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failing to state a claim upon which relief may be granted.

IV. Conclusion

All claims against defendant Perez and the claims against all defendants in their official capacities are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The U.S. Marshal cannot effect service of the complaint on defendants "Patrol Officer".  Accordingly, Hyman is directed to file an amended complaint identifying the names of the two defendant patrol officers who responded to the scene of the shooting.  Hyman may include claims against defendants Perez and the Chief of Police, who also must be identified by name, if he can allege facts to correct the deficiencies identified in this ruling as to the claims against defendant Perez and "Chief Police".  The amended complaint shall be filed by December 27, 2005.  Failure to file the amended complaint within the time specified will result in the dismissal of this case.

**SO ORDERED** this 5th day of December, 2005, at Hartford, Connecticut.

   /s/ CFD
CHRISTOPHER F. DRONEY
UNITED STATES DISTRICT JUDGE